UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YUNG LO,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ETT GAMING and AFFINITY GAMING,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-01887-APG-PAL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 70) |

Plaintiff Yung Lo brought an employment discrimination action against her former employer ETT Gaming and its parent company Affinity Gaming. Lo filed her *pro se* complaint on November 5, 2012. ECF No. 1. I referred Lo to the district's Pilot Pro Bono Program and J.P. Kemp was appointed as her pro bono counsel. ECF Nos. 30, 34.

On May 1, 2015, Magistrate Judge Leen scheduled an Early Neutral Evaluation ("ENE") Conference and the action was stayed pending the outcome of that conference. ECF Nos. 46, 47. At that time, Judge Leen also ordered that should the ENE Conference not be successful in fully resolving this matter, Lo had 21 days to file an amended complaint. ECF No. 47.

Prior to the date of the ENE Conference, Lo filed a letter stating that she did not want Kemp to represent her. ECF No. 51. Kemp filed a motion to withdraw as counsel and the motion was granted. ECF Nos. 52, 53. On July 25, 2015, an ENE Conference was conducted by Magistrate Judge Foley, but no settlement was reached. ECF No. 60. After the ENE Conference, Lo failed to file an amended complaint as required by Judge Leen's order. ECF No. 47.

On October 7, 2015, Judge Leen issued an order to show cause why sanctions should not be imposed on Lo for her failure to file an amended complaint. ECF No. 62. The order stated that Lo had until November 6 to file an amended complaint, gave guidance on what the amended complaint should contain, and warned Lo that failure to comply could result in dismissal of her case. *Id.* Lo filed a response to the order to show cause, but again neglected to file an amended

complaint. ECF No. 63. Judge Leen then issued another order to show cause on October 26, giving Lo until November 23 to file an amended complaint. ECF No. 65. Judge Leen's October 23 order again explained what information Lo should include in her amended complaint and she recommended that if Lo again failed to file an amended complaint, I should dismiss the case for failure to comply with a court order and for failure to prosecute her case. ECF No. 65 at 3. As of this date, Lo still has not filed an amended complaint.

The defendants now move to dismiss, based on Lo's failure to follow the court's orders. I grant the defendant's motion without prejudice. Pursuant to Federal Rule of Civil Procedure 41(b), I may dismiss an action for failure to comply with any order of the court. In determining whether to dismiss a case for failure to comply with a court order, I must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir. 1986).

Judge Leen ordered Lo to file an amended complaint within 21 days of the ENE Conference. Lo did not do so. Judge Leen gave Lo two more opportunities to file an amended complaint, but Lo again failed to comply. As of this date, no amended complaint has been filed. This case is now over three years old and there is still no operative complaint. Lo has been given numerous opportunities to file an amended complaint. She has been given guidance on what the amended complaint must contain, as well as warnings that failure to timely amend would result in dismissal. Reviewing the factors listed in *Thompson*, the public's interest in expeditious resolution of litigation and the court's interest in controlling its docket strongly support dismissal. The risk of prejudice to the defendants is also high as they have been forced to defend against a lawsuit for over three years without an operative complaint giving them notice of the claims and allegations against them. The passage of time can lead to witnesses losing their memories of relevant events and evidence becoming lost. Additionally, Lo has been given numerous

opportunities to file an amended complaint. Thus, there does not appear to be a less drastic alternative. I therefore grant the defendant's motion to dismiss without prejudice.

IT IS THEREFORE ORDERED that defendants ETT Gaming and Affinity Gaming's motion to dismiss **(ECF No. 70) is GRANTED**. The clerk of court shall enter judgment accordingly and close the case.

DATED this 10th day June, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE